UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORIANO GERMAINE HUDSON,<br>Plaintiff,<br>v.<br>ROBERT NEUSCHMID, et al.,<br>Defendants. | Case No. 19-cv-07490-SI<br><br>**ORDER OF DISMISSAL WITH PARTIAL LEAVE TO AMEND**<br>Re: Dkt. No. 1 |

Toriano Germaine Hudson, an inmate at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

The complaint alleges that Hudson has been disallowed "the same family visits that every other inmate has or is receiving that doesn't have a crime against a family member or a minor." Docket No. 1 at 3. Defendants allegedly have discriminated against Hudson because of his "Christian faith, which commands [him] to perform specific marital duties such as consummating [his] marriage." *Id.* Hudson seeks damages against the California Department of Corrections and Rehabilitation (CDCR), as well as numerous individuals, most of whom work at the California State Prison – Solano (CSP – Solano) or at CDCR headquarters in Sacramento.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

§ 1915A(a). In its review the court must identify any cognizable claims, and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint has several problems. Hudson must file an amended complaint to attempt to cure the several deficiencies discussed in this order.

First, the complaint does not link any defendant to the claims. Hudson's allegations that unidentified persons denied him visits on unspecified dates are inadequate to proceed against any particular person. In his amended complaint, Hudson should not refer to the defendants as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to each of his claims by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (damages liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). If he wishes to sue a supervisor, he must allege facts showing that the supervisor was either (1) personally involved in the constitutional violation or (2) sufficiently causally connected to the constitutional violation through the supervisor's own wrongdoing. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

2

Second, the CDCR must be dismissed because it has Eleventh Amendment immunity against this action for damages. The Eleventh Amendment to the U.S. Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state, absent consent to the filing of such suit. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). Eleventh Amendment immunity also extends to suits against an arm of the state, such as the CDCR and prisons within the CDCR. *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009).

Third, except as it might violate an inmate's religious freedom rights or his right to equal protection (as discussed below), the denial of contact or conjugal visitation does not violate a prisoner's constitutional rights. *See Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir. 1994); *Toussaint v. McCarthy*, 801 F.2d 1080, 1113-14 (9th Cir. 1986) (denial of contact visits does not amount to cruel and unusual punishment; "[t]o the extent that denial of contact visitation is restrictive and even harsh, it is part of the penalty that criminals pay for their offenses against society").

Fourth, the complaint fails to state a claim for interference with Hudson's religious practices. In his amended complaint, he must link defendants to the religious freedom claims and show he has standing to assert those claims.

The First Amendment guarantees the right to the free exercise of religion. In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). Inmates' religious freedoms also are protected by the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. RLUIPA provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). For an RLUIPA claim, the plaintiff-inmate must show that the government has imposed a substantial burden on his religious

3

exercise. A "'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." *San Jose Christian College v. Morgan Hill,* 360 F.3d 1024, 1034 (9th Cir. 2004). In his amended complaint, Hudson may allege his religious freedom claims, but must link one or more defendants to the claims by alleging what each did or failed to do that violated his religious freedom rights.

Hudson also must allege facts showing that he has standing to assert his claims that rest on his alleged inability to perform specific marital duties due to defendants' actions. Hudson has repeatedly declared under penalty of perjury that he is not married – he has so declared in his *in forma pauperis* application in this action and his *in forma pauperis* applications in several other actions filed in the last several years. *See* Docket No. 2 at 3 (response to question 3).[1] He has no standing to allege claims that other inmates were unable to perform their marital duties due to defendants' actions. *See Russell v. United States,* 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"). He can only assert claims about violations of his own constitutional rights.

Fifth, Hudson's allegation that he has been "discriminated against" because he is a Christian is insufficient to state an equal protection claim. Docket No. 1 at 3. The Fourteenth Amendment's Equal Protection Clause requires that similarly situated persons be treated alike. "To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation and internal quotation marks omitted). If he wishes to pursue an equal protection claim, Hudson must allege

---

[1] In conducting an initial review of a complaint, the Court may consider facts that are subject to judicial notice, even if they are not alleged in the complaint. *Cf. Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (discussing Rule 12(b)(6) standards). The Court may take judicial notice of matters of public record, such as its own files. *See id.* at 689; Fed. R. Evid. 201. In the present case, the Court takes judicial notice that there are *in forma pauperis* applications filed by Hudson in which he has declared under penalty of perjury that he was not married as of February 5, 2015 (*see* Docket No. 2 in *Hudson v. Richmond Police Dept.*, No. 15-cv-787 SI); July 7, 2017 (*see* Docket No. 2 in *Hudson v. Sexton*, No. 17-cv-4373 EMC); December 4, 2017 (*see* Docket No. 3 in *Hudson v. Santoro*, No. 17-cv-6823 EMC); May 30, 2019 (*see* Docket No. 2 in *Hudson v. Neuschmid*, No. 19-cv-3335 EMC); and October 29, 2019 (*see* Docket No. 2 in this case).

facts to plausibly suggest that the difference in treatment shows a purpose to discriminate against him based on his religion. As with his other claims, Mr. Williams must link one or more defendants to this claim.

Sixth, the complaint fails to state a due process claim against persons who processed or denied his inmate appeals. There is no constitutional right to a prison or jail administrative appeal or grievance system in California, and therefore no due process liability for failing to process or decide an inmate appeal properly. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). A prison official who denies an inmate appeal about an *ongoing* constitutional violation might have liability for the constitutional violation itself if that official is in a position to prevent or stop a constitutional violation and fails to do so, but a prison official who denies an inmate appeal about a constitutional violation that already has occurred and is complete (e.g., an exclusion of the inmate from a religious ceremony on a past date) does not have liability for that violation because he is not in a position to avert the constitutional violation. *See generally Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (supervisor may be liable for deliberate indifference to a serious medical need, for instance, if he or she fails to respond to a prisoner's request for help).

Seventh, the complaint has a joinder problem, as it alleges claims about events and omissions that occurred at two different prisons involving different sets of defendants. Most of the defendants worked at CSP – Solano or CDCR headquarters in Sacramento, and only a few defendants worked at San Quentin State Prison. Docket No. 1 at 1-2. Hudson's inmate appeal apparently was processed at CSP – Solano and received a third level decision before he was transferred to San Quentin. *Compare* Docket No. 1 at 1 (stating that CSP-S-18-02913 was partially granted at third level on March 27, 2019) *with* Docket No. 5 in *Hudson v.* Sexton, No. 19-cv-3881 SI (stating he was moved from CSP – Solano to San Quentin in September 2019).

Under Federal Rule of Civil Procedure 20(a), all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." "A buckshot

5

complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims made no effort to show that the 24 defendants had participated in the same transaction or series of transactions or that a question of fact was common to all defendants). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)). "Instead of developing one generalized test for ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts seem to have adopted a case-by-case approach. As stated by one district court judge: 'there can be no hard and fast rule, and that the approach must be a general one of whether there are enough ultimate factual concurrences that it would be fair to the parties to require them to defend jointly [the several claims] against them.'" 7 Wright, Miller & Kane, Federal Practice and Procedure § 1653 (3d ed. 2001) (citation omitted).

The claims against the defendants at San Quentin are not "with respect to or arising out of the same . . . series of transactions or occurrences" as required for permissive joinder with the claims against the defendants at CSP – Solano and CDCR headquarters. See Fed. R. Civ. P. 20(b). And the defendants break into two separate groups: the defendants (and claims against them) at San Quentin are not properly joined with the defendants (and claims against them) at CSP – Solano and CDCR headquarters.

When there is an improper joinder of parties, the improper joinder problem can be solved by dismissing or severing the improperly joined parties. *See* Fed. R. Civ. P. 21. The court must conduct a prejudice analysis, including potential statute of limitations problems, before selecting dismissal over severance. *See Rush v. Sport Chalet, Inc.,* 779 F.3d 973, 975 (9th Cir. 2015). The statute of limitations for a § 1983 claim filed in California is two years, and it may be tolled for up to two

years for the disability of imprisonment for certain plaintiffs. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code §§ 335.1, 352.1, 357. Here, there appears to be no prejudice to Hudson requiring him to pursue the claims about events and omissions at CSP – Solano in a separate action because his inmate appeal filing dates indicate the problem first arose in 2018, less than four years ago; he is still well within the statute of limitations period to file an action about those events in 2018. Accordingly, Mr. Hudson must pursue his claims for the events and omission at CSP – Solano and CDCR headquarters in a new and separate action. The proper venue in which to file that action is the Eastern District of California. His amended complaint in this action must be limited to claims against defendants about events and omissions that occurred at San Quentin. His claims against defendants about events and omissions that occurred at CSP – Solano and CDCR headquarters are dismissed without prejudice to him filing a new action in the Eastern District of California to assert those claims.

## CONCLUSION

The complaint is dismissed with leave to amend. Plaintiff must file an amended complaint no later than **March 27, 2020**, and must include the caption and civil case number used in this order as well as the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims, except that he does not need to allege any claim that has been dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file an amended complaint by the deadline will result in the dismissal of the action.

**IT IS SO ORDERED**.

Dated: February 19, 2020

SUSAN ILLSTON
United States District Judge