UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORIANO GERMAINE HUDSON,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT NEUSCHMID, et al.,<br><br>Defendants. | Case No. 19-cv-07490-SI<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. Nos. 11, 13 |

Toriano Germaine Hudson, an inmate at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The court reviewed his complaint and dismissed it with leave to amend. He then filed an amended complaint that is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

This action concerns family visits, which are defined as "extended overnight visits, provided for eligible inmates and their immediate family members as defined in Section 3000." Cal. Code Regs. tit. 15, § 3177.

The amended complaint alleges that correctional counselor Nguyen at San Quentin State Prison denied Hudson's request for family visits on the basis that Hudson did not qualify for family visits due to a 2000 conviction for a violation of California Penal Code § 273.5 (willful infliction of corporal injury on spouse, cohabitant, the mother of the offender's child or certain other listed

victims).[1]  Hudson believes that conviction should not bar him from family visits because it occurred more than ten years ago and because the victim was not a member of his family.  He also alleges "denial of religious obligations as a husband" and a violation of his right to equal protection of the laws.  Docket No. 11 at 3.  The amended complaint also lists San Quentin associate warden Broomsfield as a defendant, but makes no allegations against that person.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

When the court dismissed the complaint with leave to amend several months ago, it provided detailed instructions about problems that Hudson needed to address in his amended complaint. Observing that Hudson had not linked defendants to wrongdoing, the court instructed that the amended complaint needed to "identify each involved defendant by name and link each of them to each of [Hudson's] claims by explaining what each defendant did or failed to do that caused a

---

[1] The regulation disallows family visits for numerous groups of inmates, including "inmates convicted of a violent offense where the victim is a minor or family member or any sex offense" under a long list of California Penal Code sections, including section 273.5, unless the inmate is "otherwise eligible pursuant to subsection (b)(1)(B) or (C) of this section." Cal. Code Regs. tit. 15, § 3177(b)(1). Subsection (b)(1)(C) of the regulation provides:

> Inmates convicted of a violent offense where the victim was a minor or a family member, excluding any sex offense, may be eligible for family visiting as determined by a classification committee providing the inmate has demonstrated sustained, positive behavior to include: no serious rules violation reports in the last ten years and documented participation in self-help groups, e.g., Anger Management, Narcotics Anonymous, Alcoholics Anonymous.

Cal. Code Regs. tit. 15, § 3177(b)(1)(C).

2

violation of [Hudson's] constitutional rights." Docket No. 6 at 2. Next, the court determined that:

> except as it might violate an inmate's religious freedom rights or his right to equal protection . . . the denial of contact or conjugal visitation does not violate a prisoner's constitutional rights. *See Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir. 1994); *Toussaint v. McCarthy*, 801 F.2d 1080, 1113-14 (9th Cir. 1986) (denial of contact visits does not amount to cruel and unusual punishment; "[t]o the extent that denial of contact visitation is restrictive and even harsh, it is part of the penalty that criminals pay for their offenses against society").

Docket No. 6 at 3. The court also explained that a claim was not stated for interference with Hudson's religious practices, and informed Hudson that his amended complaint needed to show he had standing to assert his religious freedom claims because his contention that he was required by his religion to perform specific marital duties appeared inconsistent with his representations that he was not married. *Id.* at 3-4. The court next explained that Hudson had not adequately alleged a religion-based equal protection claim because he had not alleged facts to plausibly suggest that any difference in treatment showed a purpose to discriminate against him based on his religion. *Id.* at 4-5. The court dismissed the due process claims that inmate appeals were not processed or decided correctly and dismissed the CDCR from the action. *Id.* at 3, 5. Lastly, the court determined that claims against one set of defendants regarding events at San Quentin were not properly joined with claims against another set of defendants regarding events at CSP - Solano. *Id.* at 5-6. The court instructed Hudson to confine his amended complaint in this action to claims against defendants for events and omissions that occurred at San Quentin and to file a new action in the Eastern District of California if he wanted to assert claims against other defendants about events and omissions that occurred at CSP - Solano or the CDCR headquarters in Sacramento. *Id.* at 7.

The court now turns to the amended complaint that alleges that San Quentin correctional counselor Nguyen's denial of family visits was unfair under prison rules, and violated Hudson's rights to religious freedom and equal protection. Docket No. 11 at 3. A § 1983 claim is not stated for the allegedly unfair or incorrect application of a state regulation about family visits because a state regulation does not provide a right secured by the Constitution or laws of the United States, the violation of which is a necessary element of a § 1983 claim. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The mere denial of family visits did not result in a constitutional violation. *See* Docket No. 6 at 3. An equal protection claim is not stated because there is no allegation plausibly suggesting

3

purposeful discrimination against Hudson based on his religion. *See id.* at 4-5. That leaves Hudson's claim against Nguyen for interference with his religious freedom as the only potential claim. For the reasons explained next, this is the rare case where dismissal is proper because a plaintiff's filings show that he has not exhausted administrative remedies for the claim he asserts.

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016) (mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter,* 534 U.S. at 524. Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v. Churner*, 532 U.S. 731, 741 (2001). Section 1997e(a) requires "proper exhaustion" of available administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." *Id.* at 90.

The State of California provides its inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (repealed eff. June 1, 2020).[2] In order to exhaust available administrative remedies within this system, a prisoner must proceed through three formal levels of appeal and receive a decision from the Secretary of the CDCR or his designee. *Id.* § 3084.1(b) (repealed eff. June 1, 2020), § 3084.7(d)(3) (repealed eff. June 1, 2020).

---

[2] The regulations that set out the features of the administrative remedies process for California prisoners underwent a substantial restructuring earlier this year. On March 25, 2020, and effective June 1, 2020, California Code of Regulations Title 15, sections 3084 through 3084.9 were repealed and replaced with renumbered and amended provisions at sections 3480 through 3487. All the citations in this order to California regulations are to the regulations in place in during the period from 2018 through May 2020, rather than to the current regulations.

4

The amount of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) ("To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations"). California prisoners are required to lodge their administrative complaint on a CDCR-602 form (or a CDCR 602-HC form for a health care matter). The level of specificity required in the appeal is described in a regulation:

> (3) The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. . . .
>
> (4) The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the [appeal form].

Cal. Code Regs. tit. 15, § 3084.2(a)(3-4) (repealed eff. June 1, 2020).³ Another regulation provides that "[a]dministrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant that was not included" in the originally submitted CDCR-602 inmate appeal form. Cal. Code Regs. tit. 15, § 3084.1(b) (repealed eff. June 1, 2020).

Here, Hudson alleges that he exhausted administrative remedies and attaches to his amended complaint documentation of his efforts to exhaust administrative remedies. *See* Docket No. 11 at 2, 18-70. The inmate appeals (usually referred to as CDCR-602s) were all about events and decisions

---

³ Several Ninth Circuit cases have referred to California prisoners' grievance procedures as not specifying the level of detail necessary and instead requiring only that the grievance "describe the problem and the action requested." *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting former Cal. Code Regs. tit. 15, § 3084.2); *Sapp*, 623 F.3d at 824 ("California regulations require only that an inmate 'describe the problem and the action requested.' Cal. Code Regs. tit. 15, § 3084.2(a)"); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (when prison's procedures do not specify the requisite level of detail, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought'"). Those cases are distinguishable, however, because they did not address the regulations as they existed for California prisoners at the time of the events complained of in Hudson's amended complaint. Whatever the former requirements may have been in the CDCR and whatever requirements may still exist in other non-CDCR facilities, since January 28, 2011, the operative regulation has required California prisoners using the CDCR's inmate appeal system to list the name(s) of the wrongdoer(s) in their administrative appeals and to state all facts known regarding the issue being appealed.

1    made at CSP - Solano and none of them concerned events and decisions at San Quentin State Prison.
2    Three of the four CDCR-602s were filed while Hudson was incarcerated at CSP - Solano and
3    concerned decisions made at that prison. *See* Docket No. 11 at 26-28 (April 30, 2019 CDCR-602);
4    *id.* at 29-32 (October 29, 2018 CDCR-602); *id.* at 58-59 (June 26, 2019 CDCR-602). Only one
5    CDCR-602 was filed after Hudson arrived at San Quentin, but even that one was an appeal about
6    the resolution of an earlier appeal about events or decisions made at CSP - Solano. *See* Docket No.
7    1 at 18-21 (November 23, 2019 CDCR-602). In short, the documents attached to the amended
8    complaint plainly demonstrate that Hudson did not file an administrative appeal concerning
9    defendant Nguyen's denial at San Quentin of a request for a family visit with his wife.

10   Although nonexhaustion of administrative remedies is an affirmative defense that normally
11   must be raised by a defense motion for summary judgment, it may be the basis for dismissal when
12   the failure to exhaust is plain from the plaintiff's pleading. *See Albino v. Baca*, 747 F.3d 1162, 1166
13   (9th Cir. 2014) (en banc); *cf. Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984) (although
14   the statute of limitations is an affirmative defense that normally may not be raised by the court sua
15   sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the
16   defense is complete and obvious from the face of the pleadings or the court's own records). In
17   reviewing the adequacy of the pleading, the court is limited to the contents of the pleading, including
18   documents physically attached to the amended complaint or documents the amended complaint
19   necessarily relies on and whose authenticity is not contested. *See Lee v. City of Los Angeles*, 250
20   F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*,
21   307 F.3d 1119 (9th Cir. 2002). The pleading viewed as a whole plainly shows that Hudson did not
22   exhaust administrative remedies for the religious freedom claim he wants to pursue here against
23   Nguyen. Although Hudson alleges that he exhausted administrative remedies, the documents
24   attached to his amended complaint plainly show that he has not done so for any claim of alleged
25   wrongdoing at San Quentin. Dismissal is warranted.

26   Finally, the court notes that there appears to be yet another exhaustion concern for Hudson,
27   although the court does not need to rule on it today. Specifically, apart from the fact that none of
28   the CDCR-602s concerned wrongdoing at San Quentin, the fact remains that none of the CDCR-

6

602s mentioned any interference with Hudson's religious freedom rights. The situation here is akin to a prisoner filing an inmate appeal about prison officials not letting him have an unspecified book and only when he gets to federal court does he mention that the book was a Bible or Quran needed for the practice of religion. There would be at least a serious doubt that the prisoner in such a situation has "state[d] all facts known" regarding the issue being appealed. Cal. Code Regs. tit. 15, § 3084.2(a)(4) (repealed eff. June 1, 2020). Given the court's determination that administrative remedies were unexhausted because no CDCR-602 concerned any wrongdoing at San Quentin, the court does not need to decide today whether the failure to mention the purported religious need for family visits leaves the claim for interference with religious freedom rights unexhausted.

## CONCLUSION

This action is dismissed because plaintiff did not exhaust administrative remedies before he filed his complaint and amended complaint alleging his claims. The dismissal is without prejudice to plaintiff filing a new action if he ever exhausts administrative remedies for his claims about the denial of family visits at San Quentin State Prison. And, as mentioned in an earlier order, plaintiff remains free to file an action in the Eastern District of California to complain about events and omissions that occurred at CSP – Solano or at the CDCR's headquarters in Sacramento.

Plaintiff's motion for appointment of counsel is DENIED. Docket No. 13. Appointment of counsel would not enable plaintiff to avoid the exhaustion problem. There is no reason to appoint counsel in this case that is being closed and has no likelihood of success on the merits.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: July 10, 2020

SUSAN ILLSTON
United States District Judge