UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TORIANO GERMAINE HUDSON,

Plaintiff,

v.

ROBERT NEUSCHMID, et al.,

Defendants.

Case No. 19-cv-07490-SI

**ORDER DENYING POST-JUDGMENT REQUEST TO FILE AMENDED COMPLAINT**

Re: Dkt. Nos. 16, 17

This action was dismissed on July 10, 2020 because, among other things, plaintiff failed to state a claim that the restrictions on his family visits violated a state regulation and the federal constitution, failed to state a claim for an equal protection violation, and any claim for religious interference could not proceed because plaintiff had not exhausted administrative remedies for any religion claim. The court explained that "this is the rare case where dismissal is proper because a plaintiff's filings show that he has not exhausted administrative remedies for the claim he asserts." Docket No. 14 at 4.

A few weeks after the action was dismissed, plaintiff filed a request for an extension to file an amended complaint and later submitted another amended complaint. Docket Nos. 16, 17. In his request for an extension to file that amended complaint, plaintiff stated that he had been delayed in obtaining documents due to pandemic-related restrictions at his prison. The problem with this explanation made in August is that the deadline to file the amended complaint had passed months earlier and the amended complaint had in fact been filed months earlier. *See* Docket No. 9 (setting final extension of deadline for May 29, 2020); Docket No. 10 (amended complaint filed March 26, 2020). There being no sound reason to extend the deadline for a document already filed and judgment already having been entered, plaintiff's request for an extension to file an amended

complaint is DENIED. Docket No. 16.

The proposed amended complaint that plaintiff submitted after the judgment was entered had some additional inmate appeal documents. Docket No. 17. Those documents do not convince the court to reconsider the dismissal because none of those inmate appeals show the exhaustion of administrative remedies before the amended complaint was filed on March 26, 2020, that contained the religion claim. Exhaustion after the pleading first asserting the claim is filed does not satisfy the exhaustion requirement in 42 U.S.C. § 1997e(a). *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006); *cf. Cano v. Taylor*, 739 F.3d 1214, 1220 (9th Cir. 2014) (exhaustion requirement satisfied if prisoner exhausts administrative remedies prior to filing an amended complaint first raising the claim). In other words, given that the amended complaint filed on March 26, 2020 presented the religion claim, exhaustion efforts thereafter did not suffice to exhaust that same religion claim that was presented in the amended complaint filed five months later – to rule otherwise would allow prisoners to circumvent the rule that requires pre-filing exhaustion by repeatedly amending to present the same claims that were unexhausted when first presented. The amended complaint (Docket No. 17) submitted after judgment was entered will not be permitted.

**IT IS SO ORDERED**.

Dated: February 19, 2021

_____
SUSAN ILLSTON
United States District Judge

2